PNS.7321

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **KYLA SHEPPARD** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | **JURY** |
| **P&S TRANSPORTATION, LLC and** | § | |
| **DWIGHT DOUGLAS** | § | |

**DEFENDANT DWIGHT DOUGLAS' NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **DWIGHT DOUGLAS**, Defendant in the above matter (hereinafter, "Defendant Douglas"), and files this Notice of Removal of the above-captioned case.  Removal is based on 28 U.S.C. § 1332 (diversity jurisdiction) and is authorized by 28 U.S.C. §§ 1441 and 1446.

**I.
BACKGROUND**

1.      On July 23, 2015, Plaintiff sued P&S Transportation, LLC and Dwight Douglas, in the 202nd Judicial District Court of Bowie County, Texas, Cause No. 15C0976-202, alleging the negligence of Defendants P&S Transportation, LLC and Dwight Douglas.

2.      On November 24, 2015, Plaintiff filed a Motion for Substitute Service alleging that Defendant Douglas could be served at 144 North Shields Lane, Apt. E2, Natchez, Mississippi 39210, and that service had been attempted on August 3rd, 4th, 5th, and 8th of 2015.

3.      On December 14, 2015, an Order for substituted service on Defendant Douglas was signed by the court.

4.      On March 16, 2016, Plaintiff filed an Affidavit of Service stating that a copy of the executed service Order, Citation, Petition, First Set of Interrogatories, Request for Production, Request for Admissions, and Request for Disclosures were firmly affixed to the door of 144 North Shields Lane, Apt. E2, Natchez, Mississippi 39210.  The Affidavit of Service also states copies of the documents were sent via certified mail on January 12, 2016 to 144 North Shields Lane, Apt. E2, Natchez, Mississippi 39210, which certified mail parcel was returned unclaimed and unopened on February 22, 2016.

5.      On April 6, 2016, Defendant Douglas filed his Motion to Quash Plaintiff's Service of Citation affirming that he did not reside at 144 North Shields Lane, Apt. E2, Natchez, Mississippi 39210, and that he had not been personally served with citation pursuant to TEX. R. CIV. P. 106(b).

6.      On April 15, 2016, Defendant Douglas entered into a Rule 11 Agreement with Plaintiff stating that Defendant Douglas was a resident of Mississippi, he had not been personally served with citation, and service on behalf of Defendant Douglas would be accepted as of April 15, 2016.

7.      Defendant Douglas is a citizen of the State of Mississippi.

8.      Plaintiff Kyla Sheppard is a resident of the State of Arkansas.

9.      Defendant P&S Transportation, LLC is incorporated in Alabama, with its corporate office and principal place of business in the State of Alabama.  Defendant P&S Transportation, LLC has been served with citation and previously filed its Original Answer.

10.      Plaintiff's Original Petition, filed contemporaneously herewith, does not state an amount in controversy.

11.    On September 12, 2016, Plaintiff sent a demand letter to Defendants P&S Transportation, LLC and Dwight Douglas requesting the amount of $500,000.   Therefore, Defendant Douglas has filed this Notice of Removal within the time period required.  28 U.S.C. §1446(b)(3).[1]

## II.
## BASIS FOR REMOVAL

12.    Removal is proper under 28 U.S.C. § 1332(a) because Plaintiff's suit is a civil action in which this Court has original jurisdiction over the parties, based upon diversity jurisdiction under 28 U.S.C. § 1332.  This action is removable to this Court pursuant to the provisions of 28 U.S.C. §1441(b) because Plaintiff is a citizen of the State of Arkansas, Defendant Douglas is a citizen of the State of Mississippi, and Defendant P&S Transportation, LLC is a limited liability corporation with its principal place of business in the State of Alabama and the amount in controversy exceeds $75,000.

**A.     Complete Diversity Exists.**

13.    As the Court is certainly aware, for diversity purposes, a person is considered a citizen of the state where that person is domiciled.  Plaintiff is a person and domiciled in the State of Arkansas.  Defendant Douglas is a person and domiciled in the State of Mississippi.  If the person is an entity, the citizenship of an LLC is determined by the citizenship of its members. Defendant P&S Transportation, LLC is not domiciled in the State of Texas, but rather is a corporation of Alabama

14.    Because the Plaintiff, Defendant P&S Transportation, LLC, and Defendant Douglas do not share citizenship in any state, removal is proper on diversity grounds.

[1] *See* Exhibit A, Plaintiff's Settlement Demand dated September 12, 2016.

15.     Defendants are now, and were at the time the removed action was commenced, diverse in citizenship from the Plaintiff.  28 U.S.C. § 1332.  *See* Plaintiff's Original Petition, Pg. 2.

**B.     The Amount in Controversy Exceeds $75,000.00.**

16.     As previously stated, Plaintiff filed her Original Petition on July 23, 2015. Plaintiff did not identify the amount in controversy.  As a result, Defendant Douglass was not able to identify Plaintiff's claim for relief.

17.     Defendants subsequently propounded interrogatories, request for disclosures and request for production in an attempt to ascertain Plaintiff's damages sought in this case.  Plaintiff again failed to identify the amount in controversy or their total amount of damages.

18.     On September 12, 2016, Plaintiff sent a demand letter, filed with these pleadings here today, for Five-hundred Thousand and No/100 Dollars ($500,000.00).  Consequently, based on Plaintiff's demand, this case is now removable under 28 U.S.C. § 1332 and 28 U.S.C. § 1446(b)(3) and § 1446(c)(3)(A).

19.     28 U.S.C. § 1446(b)(3) states that, "except as provided in subsection (c), if the case stated by the initial pleading is not removable, **a notice of removal may be filed within 30 days after receipt by the defendant**, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper from which it may first be ascertained that the case is one which is or has become removable**."[2]

20.     Accordingly, Plaintiff's demand seeks the amount of $500,000.00, establishing an amount in controversy exceeding $75,000.00.

---

[2]  28 U.S.C. § 1446(b)(3).

21.     Accordingly, because this notice of removal has been filed within thirty days after Plaintiff provided a demand setting forth her claim for relief, this removal is proper and timely under 28 U.S.C. §1446(b)(3).

22.     The United States District Court for the Eastern District of Texas, Texarkana Division, embraces Bowie County, Texas, the place where the state court action was filed and is pending.  This statement is not meant as a waiver of any argument that venue is improper in the location in which the state court action was filed, but merely demonstrates the propriety of removing the action to this federal judicial district.

23.     The live pleadings before the state court are solely those of Plaintiff's Original Petition and Defendant P&S Transportation, LLC's Original Answer.  No other motions are pending before the state court as Defendant Douglas' Motion to Quash is rendered moot by the Rule 11 agreement between Defendant Douglas and Plaintiff.

24.     All pleadings, process, orders, and other filings in the state court action are attached to this Notice, as required by 28 U.S.C. § 1446(a).

25.     Defendant Douglas will promptly file a copy of this Notice with the clerk of the state court in which the action is pending.

26.     P&S Transportation, LLC is in agreement to remove this matter from State Court to Federal District Court.

### III.
### REQUEST FOR JURY TRIAL

27.     Defendants P&S Transportation, LLC and Dwight Douglas hereby demand a trial by jury in accordance with the provisions of FED. R. CIV. P. 38.

WHEREFORE, PREMISES CONSIDERED, **DWIGHT DOUGLAS**, as a party in diversity with the Plaintiff, respectfully requests that this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Eastern District of Texas, Texarkana Division, and for such other and further relief to which he may show himself to be justly entitled in equity or law.

Respectfully submitted,

*/Michael P. Sharp*

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**JASON A. BURRIS**
State Bar No. 24049591
jburris@feesmith.com
**FEE, SMITH, SHARP & VITULLO, L.L.P**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas  75240
(972) 934-9100
(972) 934-9200 (Fax)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the September 19, 2016, the foregoing was filed with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

Kurt B. Arnold
Cesar "Ces" Tavares
Arnold & Itkin LLP
6009 Memorial Drive
Houston, TX  77007

*/s/ Michael P. Sharp*

_____

**MICHAEL P. SHARP**